**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNIE WINN, | No. 10-17163 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-02347-JAM-KJN |
| v. | |
| ANTHONY A. LAMARQUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 6, 2012
San Francisco, California

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.

Ronnie Winn appeals the district court's denial of his petition for a writ of

habeas corpus. He makes two ineffective assistance of counsel claims and two

claims regarding the trial court's failure to give jury instructions. We affirm the

denial of Winn's petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**I.**

Winn claims that his trial counsel provided ineffective assistance by failing to adequately investigate and present exculpatory evidence of the victim's cause of death. This claim was presented to the California Supreme Court in a habeas petition that was denied without analysis. We therefore "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006) (internal quotations omitted). Our inquiry is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S.Ct. 770, 788 (2011). We conclude that counsel satisfied Strickland, because Winn has not shown that counsel's failure to investigate and present evidence regarding the victim's cause of death was prejudicial. Strickland v. Washington, 466 U.S. 668, 693-94 (1984).

Winn also claims that his trial counsel provided ineffective assistance by failing to call three potential defense witnesses whose testimony would have been exculpatory. Winn's counsel investigated all three potential witnesses, and the

2

California Court of Appeal determined that there were "insufficient grounds to fault counsel's tactical judgment," that they would not advance his case. The Court of Appeal did not act contrary to or unreasonably apply Strickland. Strickland, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (quotation omitted).

## II.

Winn claims that the trial court violated his due process rights, including his right to present a defense, by failing sua sponte to instruct the jury on third-party culpability and by refusing to give Winn's requested jury instructions on causation. "On federal habeas, the issue is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' The burden on the habeas petitioner is especially heavy where, as here, the alleged error involves the failure to give an instruction." Clark v. Brown, 450 F.3d 898, 904 (9th Cir. 2006) (quoting Estelle v. McGuire, 502 U.S. 62, 72 (1991)) (second quotation omitted).

The Court of Appeal held that it was unnecessary for the trial court to give an instruction on third-party culpability, in part because the other instructions made it sufficiently clear that the prosecution had to prove beyond a reasonable doubt that Winn killed the victim. That holding was not violative of the Due Process Clause. Estelle v. McGuire, 502 U.S. at 71-73.

The Court of Appeal also upheld the rejection of Winn's requested instructions on causation. The language of the instruction on the elements of the crime was clumsy, but the rest of the instructions and the evidence and arguments made the jury question reasonably clear. No juror was likely to have misread the instructions to mean that Winn could be convicted of killing the victim if there was a reasonable doubt that Winn's blows caused the victim's death. Whatever verbal imperfection may have existed could not have, on this record, prejudiced Winn. "Failure to give a jury instruction which might be proper as a matter of state law, by itself, does not merit federal habeas relief." Menendez v. Terhune, 422 F.3d 1012, 1029 (9th Cir. 2005) (quotation and alteration omitted). Instead, our analysis is confined to due process. Estelle v. McGuire, 502 U.S. at 72. Winn was not deprived of due process.

**AFFIRMED.**